IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES HARRIS,

     Plaintiff,

v.

QUIKTRIP CORPORATION,

     Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-4147-MHC

## ORDER

On June 26, 2020, Plaintiff James Harris ("Harris") filed a Complaint for Damages against QuikTrip Company and Zachary Austin ("Austin") in the State Court of Gwinnett County arising out of alleged injuries sustained by Harris at a QuikTrip store located in Kennesaw, Georgia. Compl. [Doc. 1-1] ("Harris I") at 3-13. On August 31, 2020, the action was removed by those defendants based upon diversity jurisdiction to the United States District Court for the Northern District of Georgia and assigned to Judge Thomas W. Thrash. Notice of Removal, James Harris v. QuikTrip Co., et al., No. 1:20-CV-3595-TWT [Doc. 1] ("Harris II"). On September 23, 2020, Harris filed a motion to remand, contending that Austin was a Georgia resident like Harris so that there was not complete diversity. Harris II,

Pl.'s Br. in Supp. of Mot. to Remand [Doc. 4]. On September 9, 2020, Judge Thrash granted Harris's motion to remand the case to the State Court of Gwinnett County based upon lack of subject matter jurisdiction. Harris II, Apr. 5, 2021, Order [Doc. 12].

Discovery then proceeded in the State Court of Gwinnett County. On June 17, 2021, Harris moved to amend his complaint in order to substitute QuikTrip Corporation in place of QuikTrip Company and Robert Ravagni in place of Zachary Austin as defendants. Harris I [Doc. 1-3 at 171-85]. On January 26, 2022, the state court granted the motion with respect to the substitution of QuikTrip Corporation but denied the motion with respect to the individual defendant. Id. at 241-43. Harris was ordered "to immediately file the First Amended Complaint in the record, and perfect service on Defendant QuikTrip Corporation . . . within thirty (30) days from the date of this Order." Id. at 243. Harris did not file his First Amended Complaint in state court until April 13, 2022. First Am. Compl. [Doc. 3].

On October 3, 2022, the state court indicated the case would be placed on the court's February, 2023, trial calendar. Harris I [Doc. 1-3 at 678]. Austin was dismissed as a party defendant that same day. Id. at 679.

2

On October 17, 2022, Defendant QuikTrip Corporation removed the case to this Court. Notice of Removal [Doc. 1]. On November 18, 2022, thirty-two (32) days later, Harris filed a Motion to Remand and for Attorney's Fees [Doc. 12]. Harris contends that the case should be remanded because Defendant removed the case more than one year after it was filed in the State Court of Gwinnett County and Defendant cannot show that Harris acted in bad faith to prevent removal. Id. at 5-8 (citing 28 U.S.C. § 1446(c)). In addition, Harris asserts that Defendant has failed to show by a preponderance of the evidence that the jurisdictional threshold has been met to support this Court's exercise of diversity jurisdiction. Id. at 9. Finally, Harris contends that removal is improper because Defendant has litigated the matter in state court which waives the right to remove the case. Id. at 10-11. In its response to the motion to remand, Defendant contends, among other things that the motion is untimely. Resp. to Mot. to Remand [Doc. 13] at 8-9.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." It is undisputed that Harris filed his motion to remand 32 days after the filing of the notice of removal. Consequently, the Court must determine whether Harris has nevertheless shown that this Court lacks subject matter jurisdiction of this case.

3

First, Harris does specifically assert that this Court lacks diversity jurisdiction because the jurisdictional threshold of $75,000 has not been met.  On November 7, 2022, this Court issued an order for Defendant to show cause as to why this Court should not remand the case for want of subject matter jurisdiction based upon the failure of Defendant to prove that the amount in controversy exceeds the jurisdictional requirement of $75,000.  Nov. 7, 2022, Order [Doc. 6].  In response to the order, Defendant referenced an exhibit provided in discovery in which Harris's counsel lists the total amount of special damages as $391,485.32.  Def.'s Resp. to Order to Show Cause [Doc. 11] at 5-6.  Harris does not contest the authenticity of this exhibit.  The Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and that this Court has subject matter jurisdiction.

Second, Harris's argument that the notice of removal was untimely filed was waived by Harris failing to file his motion to remand within thirty days of the filing of the notice of removal.  "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997); Whitfield v. Miami-Dade Cnty. Police Dept., 535 F. App'x 772, 773 (11th Cir. 2013) (quoting Advanced Bodycare Sols., LLC v. Thione Int'l Inc., 524 F.3d 1235, 1237 n.1 (11th Cir. 2008)).  Because Harris did not challenge the

4

timeliness of the removal within thirty days after Defendant filed its Notice of Removal, Harris has waived his right to assert this issue. Wilson v. Gen. Motors Corp., 888 F.2d 779, 781 n.1 (11th Cir. 1989).

Finally, Harris contends that removal is improper because Defendant has litigated the case in the State Court of Gwinnett County and the case was placed on the trial calendar. The Eleventh Circuit has recognized that "litigating on the merits" in state court may operate as a waiver of the right to remove a state case to federal court. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). Under the waiver principle, a "state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court[.]" Id. (quoting CHARLES A. WRIGHT, ET AL., 14B FEDERAL PRACTICE & PROCEDURE § 3721 (2003)). However, Harris's argument that Defendant has waived its right to remove by "litigating on the merits" in state court is a "litigation-based procedural defect" that was waived by his failure to file a motion to remand within thirty days of the filing of the Notice of Removal. See Sullivan v. Nat'l Gen. Ins. Online, Inc., No. 3:17-CV-1387-J-32PDB, 2018 WL 3650115, at *11 (M.D. Fla. Apr. 17, 2018) (finding that the movant's waiver

Case 1:22-cv-04147-MHC   Document 15   Filed 02/22/23   Page 6 of 7

argument based on litigating on the merits is "a litigating-based procedural defect.").

Additionally, this Court observes that the waiver of the right to remove through prior litigation can be effectuated only "by acts taken in the state court, subsequent to the creation of the right to remove." Fain v. Biltmore Sec., Inc., 166 F.R.D. 39, 40 (M.D. Ala. 1996). "The waiver inquiry is not how much the case was litigated prior to removal; it is instead what did the defendant do after the case was *removable* that is fundamentally inconsistent with exercising its right of removal." Goldstein v. GFS Market Realty Four, LLC, No. 16-cv-60956-GAYLES, 2016 WL 5215024, at *10 (S.D. Fla. Sept. 21, 2016) (citation omitted). In this case, Harris did not substitute QuikTrip Corporation as the proper defendant until three months after being order to do so by the state court judge and did not amend his complaint to drop Zachary Austin, a Georgia resident whose presence defeated diversity jurisdiction, until October 3, 2022. The notice of removal was filed fourteen days thereafter.

Therefore, for the above reasons, it is hereby **ORDERED** that Plaintiff's Motion to Remand and for Attorney Fees [Doc. 12] is **DENIED**.

Given that this case has been substantially litigated in state court, the parties are **DIRECTED** to file a status report no later than fourteen (14) days after the

date of this Order, indicating (1) whether they agree that all previous discovery, including depositions, are available for use in the current case; (2) what motions, if any, remain to be filed; (3) a proposed schedule for the filing of any such motions; and (4) whether the case is ready to be tried.

**IT IS SO ORDERED** this 22nd day of February, 2023.

_____
MARK H. COHEN
United States District Judge

7